1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF MICHAEL K. SUH &
ASSOCIATES
MICHAEL K. SUH (CA Bar No. 213855)
EDWARD W. SUH (CA Bar No. 265356)
3810 WILSHIRE BLVD., SUITE 1212
LOS ANGELES, CA 90010
Telephone:   (213)385-7347
Facsimile:   (213)383-3323
Edward@suhnassoclaw.com

Attorneys for Defendant,
SAM YANG (U.S.A.), INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| THE PLAZA COMPANY, on Behalf of Itself and a Class of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NONGSHIM COMPANY, LTD.; NONGSHIM AMERICA, INC.; OTTOGI COMPANY, LTD.; OTTOGI AMERICA, INC.; SAMYANG FOODS COMPANY, LTD.; SAMYANG USA; PALDO AMERICA; AND KOREA YAKULT,<br><br>Defendants. | Case No. CV13-05274-PA-(RZx)<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT SAM YANG (U.S.A.), INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Filed concurrently with Request for Judicial Notice]**<br><br>Judge:   Hon. Percy Anderson<br><br>Place:   Courtroom 15<br>312 N. Spring Street.<br>Los Angeles, CA 90012<br><br>Date:   November 4, 2013; 1:30pm |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on November 4, 2013, at 1:30 p.m. or at such date and time as the Court may establish, Defendant Sam Yang (U.S.A.), Inc. ("Defendant") will and hereby does move before the Honorable Percy Anderson for an Order dismissing with prejudice the entire complaint of Plaintiff The Plaza Company ("Plaintiff") against Defendant pursuant to Fed. R. Civ. P. 12(b)(6), on the ground it fails to state a claim against Defendant upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, including the Memorandum of Points and Authorities set forth below, the pleadings and papers on file with the Court, any reply memorandum and points and authorities filed by Defendant, all matters of which the Court may take judicial notice and as requested in Defendant's concurrently filed Request for Judicial Notice, and any further evidence presented at or prior to the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place via phone calls on September 25 and 26, 2013.  The conference of counsel did not take place earlier because Defendant awaited the Court's ruling on a joint motion to stay the current action, which was denied by the Court on September 25, 2013.

MOTION TO DISMISS –
CASE NO. CV13-05274

1

2

Dated: September 27, 2013          By:_____

3

Edward W. Suh

4          **LAW OFFICES OF MICHAEL K. SUH &**

5          **ASSOCIATES**

3810 Wilshire Blvd., Suite 1212

6          Los Angeles, CA  90010

Telephone: (213) 385-7347

7          Facsimile:  (213) 383-3323

8          edward@suhnassoclaw.com

Attorneys for Defendant

9          SAM YANG (U.S.A.), INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS –
CASE NO. CV13-05274

1

# <u>TABLE OF CONTENTS</u>

2

<u>Page(s)</u>

3

INTRODUCTION ...........................................................................................1

4

BACKGROUND ............................................................................................1

5

ARGUMENT..................................................................................................2

6

I.      Plaza Has Not Alleged Facts Plausibly Suggesting Sam Yang USA Violated Section 1 And 3 Of The Sherman Act........................................................2

7

8

II.     Plaza Has Not Alleged Facts Supporting The Conclusory Allegation That Samyang Korea Controlled Sam Yang USA…………………………………….5

9

III.    Plaza Has Not Alleged Facts Plausibly Suggesting Sam Yang USA Committed Fraud…………………………………………………………….6

10

CONCLUSION...............................................................................................7

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**CASES**

4

*Ashcroft v. Iqbal,*

5

    556 U.S. 662 (2009)……………………………………………………… 2

6

*Bell Atl. Corp. v. Twombly*

7

    550 U.S. 544(2007)………………………………………………… .2

8

*Brantley v. NBC Universal, Inc.*

9

    675 F.3d 1192 (9th Cir. 2012) …………………………………………… ....3

10

*Neilson v. Union Bank of California, N.A.*

11

    290 F.Supp.2d 1101 (C.D.Cal. 2003)…………………………….……..5

12

*Papasan v. Allain*

13

    478 U.S. 265 (1986)……………………………………………….2

14

*Vess v. Ciba-Geigy Corp. USA*

15

    317 F.3d 1097 (9th Cir. 2003)……………………………………...6

16

*Walsh v. Kindred Healthcare*

17

    798 F.Supp.2d 1073 (N.D.Cal. 2011)…………………………….……..5

18

19

**STATUTES**

20

15 U.S.C. § 1…………………………………………………………….3

21

15 U.S.C. § 3…………………………………………………………….3

22

Federal Rules of Civil Procedure Rule 9(b)…………………………………...6

23

Federal Rules of Civil Procedure Rule 12(b)(6)…………………………………2

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff The Plaza Company ("Plaza") has sued Moving Defendant Sam Yang (U.S.A.), Inc. ("Sam Yang USA") alleging that Sam Yang USA engaged in a conspiracy with co-defendants to fix prices of Korean Noodles sold in the United States.  This false allegation is based on Plaza's incorrect assumption and corresponding false allegation that Sam Yang USA is a wholly owned and controlled subsidiary of Samyang Foods Co. Ltd., a Korean corporation ("Samyang Korea").  Sam Yang USA has no affiliation with Samyang Korea and is not a wholly owned or controlled subsidiary of Samyang Korea.  Rather, Sam Yang USA is a California corporation wholly owned by one individual who operates and manages Sam Yang USA completely independent of Samyang Korea (see concurrently filed Request for Judicial Notice and accompanying Exhibits A-E).

Plaza relies on actions purportedly committed by Samyang Korea in order to improperly attempt to attribute fault through an unstated alter ego theory on Sam Yang USA. Plaza though is unable to make an independent claim against Sam Yang USA since Sam Yang USA never engaged in any of the alleged actions committed by other co-defendants.  Accordingly, Sam Yang USA respectfully requests this Court grant Sam Yang USA's Motion to Dismiss.

## BACKGROUND

This action was filed by Plaza alleging that four Korean companies and their U.S. subsidiaries engaged in a conspiracy to fix, raise, maintain and/or stabilize the prices at which Korean Noodles were sold in the United States.  As part of this allegation, Plaza incorrectly and improperly assumes and alleges that Sam Yang USA, a California corporation, is a wholly owned and controlled subsidiary of Samyang Korea, a Korean corporation.

Sam Yang USA is a privately owned and controlled California corporation with no affiliation to Samyang Korea. Sam Yang USA is in fact owned by one (1)

shareholder, an individual unaffiliated with Samyang Korea, and neither Sam Yang USA nor the individual shareholder are directly implicated in any of the actions alleged to have been committed by co-defendants.  Sam Yang USA is solely a distributor of products purchased from Samyang Korea and does not own or maintain a factory through which it could manufacture any goods.

## ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  A complaint cannot rely on mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."  *Id.*  Instead, the elements of each claim must be alleged in more than vague and conclusory terms:  a complaint must contain enough factual "heft" to "show[] that the pleader is entitled to relief." *Id.*

The Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 665 (2009).  A court need not accept as true legal conclusions or unwarranted factual inferences, even if "couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## I.   Plaza Has Not Alleged Facts Plausibly Suggesting Sam Yang USA Violated Section 1 And 3 Of The Sherman Act

In its claim for relief, Plaza alleges that Sam Yang USA engaged in a conspiracy with other co-defendants to manipulate the prices of Korean Noodles sold in the United States.  Plaza's Complaint, however, is completely devoid of any facts that could plausibly suggest that Sam Yang USA, as a separate entity neither

owned nor controlled by Samyang Korea, engaged in such a conspiracy.

Section 1 of the Sherman Act forbids any contract, combination, or conspiracy that restrains trade or commerce, and Section 3 extends this law to include the restraint of trade or commerce in any territory of the United States or the District of Columbia.  15 U.S.C. §§1, 3.  Plaintiffs must plead sufficient "facts which, if true, will prove '(1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade or commerce…; (3) which actually injures competition'"  *Brantley v. NBC Universal, Inc.*, 675 F.3d 1192, 1197 (9th Cir. 2012) (citing *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1046 (9th Cir. 2008).

Plaza fails to plead any facts that show a contract, combination, or conspiracy involving Sam Yang USA that could plausibly suggest that Sam Yang USA violated any section of the Sherman Act.  Indeed, any allegations of individuals or business entities that could have entered into a contract, combination, or conspiracy only involve the four Korean corporations and officers or employees of those Korean corporations.  Not a single factual allegation mentions Sam Yang USA as having attended any meeting or entering into any contract, combination, or conspiracy with the four Korean corporations that are listed as co-defendants and for which facts are pleaded asserting a conspiracy.

Plaza's Complaint in particular lacks the factual allegations necessary to state a claim for relief under Sections 1 and 3 of the Sherman Act.  Specifically,

- Plaza fails to identify Sam Yang USA as an entity having entered into the alleged conspiracy;
- Plaza fails to identify any Sam Yang USA board members, officers, or employees who may have entered into the alleged conspiracy; and
- Plaza fails to offer any facts relating to the manner in which Sam Yang USA engaged in the alleged conspiracy.

Plaza instead attempts to rely on a misplaced and incorrect legal conclusion

that Sam Yang USA is a wholly owned and controlled subsidiary of Samyang Korea, and thus Samyang Korea's actions should be attributed to Sam Yang USA. Sam Yang USA's concurrently filed Request for Judicial Notice and the accompanying Exhibits A-E shows instead that an individual owns one-hundred percent (100%) of the outstanding stock of Sam Yang USA, and thus it can be easily deduced that Sam Yang USA has no affiliation to Samyang Korea. Thus, Samyang Korea cannot have controlled the actions of Sam Yang USA, nor are there any facts pleaded to assert as such.

Plaza's Complaint alleges that several officers and employees of "Samyang" made statements to the Korean Federal Trade Commission ("KFTC") regarding the alleged conspiracy to fix prices, but none of the officers and employees named are employed by or have any affiliation to Sam Yang USA. In paragraphs 53 through 55, where Plaza asserts the President and an employee of Samyang's Marketing Team made statements to the KFTC, these individuals made statements on behalf of Samyang Korea only. Samyang Korea's President OO Kim and the member of Samyang Korea's Marketing Team OO Yui are not employed by, affiliated with, or authorized to speak on behalf of Sam Yang USA and statements made by those individuals on behalf of another company should have no bearing on Sam Yang USA.

Furthermore, all the individuals mentioned in Plaza's Complaint as being employed by "Samyang" are employed by Samyang Korea only, and were not employed by, affiliated with, or authorized to speak on behalf of Sam Yang USA. Specifically in the sections of Plaza's Complaint alleging meetings between the co-defendants and statements made by "Samyang" employees, these employees are solely employed by Samyang Korea. Sam Yang USA was not present at any of the meetings alleged to have taken place and was not involved either directly or indirectly in any of the discussions or decisions made by the Korean corporations, nor can Plaza plead any facts to show otherwise.

MOTION TO DISMISS –
CASE NO. CV13-05274

1   Plaza is unable to plead facts sufficient to uphold this cause of action against
2   Sam Yang USA, and accordingly Sam Yang USA respectfully requests the Court
3   grant this Motion to Dismiss.

4   **II.    Plaza Has Not Alleged Facts Supporting The Conclusory Allegation**
5   **That Samyang Korea Controlled Sam Yang USA**

6   Even if the conclusory allegation that Sam Yang USA was a wholly owned
7   and controlled subsidiary of Samyang Korea was true, Plaza's Complaint provides
8   no underlying facts supporting the conclusory allegation that Samyang Korea
9   controlled Sam Yang USA's actions.  Plaza attempts to make a thinly veiled
10  attempt at an allegation of alter ego between Samyang Korea and Sam Yang USA.
11  However, this allegation is not supported by any well-pled facts.

12  "[T]he mere fact that it owns the stock of the subsidiary will not suffice to
13  prove that the two entities are alter egos of one another; rather, the evidence must
14  show that the wholly-owned subsidiary is merely a conduit for, or is financially
15  dependent on, the parent corporation." *Neilson v. Union Bank of California, N.A.*,
16  290 F.Supp.2d 1101, 1116 (C.D.Cal. 2003).  "To invoke the alter ego doctrine,
17  Plaintiffs must allege: (1) that there is such a unity of interest and ownership that
18  the separate personalities of the two corporations no longer exist; and (2) that if the
19  acts are treated as those of only one of the corporations, an inequitable result will
20  follow." *Walsh v. Kindred Healthcare*, 798 F.Supp.2d 1073, 1082 (N.D.Cal. 2011).

21  Plaza has failed to provide any well-pled facts that would support a finding
22  of Sam Yang USA being the alter ego of Samyang Korea and thus allowing the
23  attribution of Samyang Korea's alleged actions to Sam Yang USA.  Plaza has made
24  a general blanket statement that Sam Yang USA is a wholly owned subsidiary of
25  Samyang Korea, but has failed to state how Plaza reached this conclusion.  There
26  are no facts regarding unity of interest and ownership.  Indeed, as can be seen by
27  Sam Yang USA's concurrently filed Request for Judicial Notice, this is because
28  Sam Yang USA is a completely separate entity from Samyang Korea and owned by

MOTION TO DISMISS –
CASE NO. CV13-05274

1   an individual who is not affiliated with Samyang Korea.  Without such facts, it is

2   improper to attribute Samyang Korea's actions to Sam Yang USA through an alter

3   ego or other similar claim.  Plaza is unable to state any facts sufficient to state a

4   cause of action against Sam Yang USA, and as such, Sam Yang USA respectfully

5   requests the Court grant this Motion to Dismiss.

6   **III.   Plaza Has Not Alleged Facts Plausibly Suggesting Sam Yang USA**

7   **Committed Fraud**

8          Federal Rule of Civil Procedure 9(b) requires a plaintiff to state with

9   particularity the circumstances constituting fraud committed by the defendant.  Fed.

10  R. Civ. P. 9(b).  "Thus, if particular averments of fraud are insufficiently pled under

11  Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from

12  the claim."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).

13  "[T]he 'indispensable elements of a fraud claim include a false representation,

14  knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"  *Id.*

15  (citing *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996)).

16         Plaza's Complaint fails to state with particularity the circumstances

17  constituting fraud committed by Sam Yang USA.  The allegations made by Plaza

18  refer to statements made by Samyang Korea, but this does not show with

19  particularity what fraud, if any, was committed by Sam Yang USA, which is an

20  entity separately owned and not affiliated with Samyang Korea.  Plaza's Complaint

21  fails to specify what false representation, if any, was knowingly made by Sam Yang

22  USA with the intent to defraud Plaza.  Plaza is unable to state any facts alleging that

23  Sam Yang USA knowingly made any false representations because such

24  representations were never made by Sam Yang USA.  Plaza instead makes a feeble

25  attempt to blame Sam Yang USA for statements made by an unrelated third party,

26  Samyang Korea, which should not be accepted by this Court.

27         Absent any well-pled facts showing that Sam Yang USA knowingly made

28  false representations to Plaza with the intent to defraud and upon which

MOTION TO DISMISS –
CASE NO. CV13-05274

representations Plaza justifiably relied upon to its detriment, Sam Yang USA cannot be found liable for fraud.  Therefore, Sam Yang USA respectfully requests this Court grant this Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendant Sam Yang (U.S.A.), Inc. respectfully requests that Plaintiff The Plaza Company's entire Complaint be dismissed as to Sam Yang (U.S.A.), Inc. pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

Dated: September 27, 2013     By: /s/  Edward W. Suh

Edward W. Suh
**LAW OFFICES OF MICHAEL K. SUH & ASSOCIATES**
3810 Wilshire Blvd., Suite 1212
Los Angeles, CA  90010
Telephone: (213) 385-7347
Facsimile:  (213) 383-3323
edward@suhnassoclaw.com
Attorneys for Defendant
SAM YANG (U.S.A.), INC.

MOTION TO DISMISS –
CASE NO. CV13-05274

**PROOF OF SERVICE**

(Pursuant to Federal Law)

The undersigned certifies and declares as follows:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3810 Wilshire Blvd., Suite 1212, Los Angeles, California 90010. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On September 27, 2013, I electronically filed the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT SAM YANG (U.S.A.), INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

**Lionel Z. Glancy**
**Michael Goldberg**
**GLANCY BINKOW &**
**GOLDBERG LLP**
**1925 Century Park East**
**Suite 2100**
**Los Angeles, CA 90067**
**Telephone: (310) 201-9150**
**Fax: (310) 201-9160**
**info@glancylaw.com**
**lglancy@glancylaw.com**
**mgoldberg@glancylaw.com**
*Attorneys for Plaintiff and the*
*Proposed Class*

**Lee Albert**
**Gregory B. Linkh**
**GLANCY BINKOW & GOLDBERG LLP**
**122 East 42nd Street, Suite 2920**
**New York, NY 10168**
**Telephone: (212) 682-5340**
**lalbert@glancylaw.com**
**glinkh@glancylaw.com**
*Attorneys for Plaintiff and the Proposed*
*Class*

MOTION TO DISMISS –
CASE NO. CV13-05274

**Susan G. Kupfer**
**Joseph M. Barton**
**GLANCY BINKOW &**
**GOLDBERG LLP**
**One Embarcadero Center Suite 760**
**San Francisco, CA 94111**
**Telephone:  (415) 972-8160**
skupfer@glancylaw.com
jbarton@glancylaw.com
*Attorneys for Plaintiff and the Proposed Class*

**YoungKi Rhee**
**WE THE PEOPLE LAW GROUP**
**15F The Salvation Army Bldg.,**
**476 Chungjeongro 3-Ka**
**Seodaemun-ku, Seoul 120-837, Korea**
**Telephone:  822-2285-0062**
**Fax:  822-2285-0071**
ykrhee@wethepeople.co.kr
*Attorneys for Plaintiff and the Proposed Class*

**Christopher L. Lebsock**
**HAUSFELD LLP**
**44 Montgomery Street**
**34th Floor**
**San Francisco, CA  94104**
**Telephone:  415-633-1908**
clebsock@hausfeldllp.com
*Attorneys for Plaintiff and the Proposed Class*

**Megan E. Jones**
**Mindy B. Pava**
**HAUSFELD LLP**
**1700 K Street NW Suite 650**
**Washington DC 20006**
**Telephone:  202-540-7200**
mjones@hausfeldllp.com
mpava@hausfeldllp.com
*Attorneys for Plaintiff and the Proposed Class*

**Anne Choi Goodwin**
**Helen H. Yang**
**Squire Sanders and Dempsey LLP**
**555 South Flower Street**
**31st Floor**
**Los Angeles, CA  90071**
**Telephone:  213-624-2500**
agoodwin@ssd.com
hyang@ssd.com
*Attorneys for Defendant Nong Shim America Inc.*

**Kate E. Kim**
**Squire Sanders LLP**
**Ferrum Tower 18th Floor**
**66 Suha-dong Jung-gu**
**Seoul, 100-210**
**Korea**
**Telephone:  82-2-6353-8388**
Kate.kim@squiresanders.com
*Attorney for Defendant Nong Shim America Inc.*