LAW OFFICES OF MICHAEL K. SUH & ASSOCIATES
MICHAEL K. SUH (CA Bar No. 213855)
EDWARD W. SUH (CA Bar No. 265356)
3810 WILSHIRE BLVD., SUITE 1212
LOS ANGELES, CA 90010
Telephone:  (213)385-7347
Facsimile:  (213)383-3323
Edward@suhnassoclaw.com

Attorneys for Defendant,
SAM YANG (U.S.A.), INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THE PLAZA COMPANY, on Behalf of Itself and a Class of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NONGSHIM COMPANY, LTD.; NONGSHIM AMERICA, INC.; OTTOGI COMPANY, LTD.; OTTOGI AMERICA, INC.; SAMYANG FOODS COMPANY, LTD.; SAMYANG USA; PALDO AMERICA; AND KOREA YAKULT,<br><br>Defendants. | Case No. CV13-05274-PA-(RZx)<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT SAM YANG (U.S.A.), INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF EDWARD W. SUH**<br><br>**[Filed concurrently with Request for Judicial Notice]**<br><br>Judge:  Hon. Percy Anderson<br><br>Place:  Courtroom 15<br>312 N. Spring Street.<br>Los Angeles, CA 90012<br><br>Date:  December 9, 2013; 1:30pm |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on December 9, 2013, at 1:30 p.m. or at such date and time as the Court may establish, Defendant Sam Yang (U.S.A.), Inc. ("Defendant") will and hereby does move before the Honorable Percy Anderson for an Order dismissing with prejudice the entire first amended complaint of Plaintiff The Plaza Company ("Plaintiff") against Defendant pursuant to Fed. R. Civ. P. 12(b)(6), on the ground it fails to state a claim against Defendant upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, including the Memorandum of Points and Authorities set forth below, the pleadings and papers on file with the Court, any reply memorandum and points and authorities filed by Defendant, all matters of which the Court may take judicial notice and as requested in Defendant's concurrently filed Request for Judicial Notice, and any further evidence presented at or prior to the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place via phone calls on September 25, 26, and October 24, 2013.

Dated: November 4, 2013        By: /s/ Edward W. Suh

Edward W. Suh
**LAW OFFICES OF MICHAEL K. SUH & ASSOCIATES**
3810 Wilshire Blvd., Suite 1212
Los Angeles, CA  90010
Telephone: (213) 385-7347
Facsimile:  (213) 383-3323
edward@suhnassoclaw.com
Attorneys for Defendant
SAM YANG (U.S.A.), INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

INTRODUCTION ...................................................................................................1

BACKGROUND ....................................................................................................1

ARGUMENT..........................................................................................................2

I.      Plaza Has Not Alleged Facts Plausibly Suggesting Sam Yang USA Violated Section 1 And 3 Of The Sherman Act......................................................<u>3</u>

II.      Plaza Has Not Alleged Facts Plausibly Suggesting Sam Yang USA Committed Fraud……………………………………………………………6

CONCLUSION.......................................................................................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal,*

    556 U.S. 662 (2009)……………………………………………………… 2-3

*Bell Atl. Corp. v. Twombly*

    550 U.S. 544(2007)……………………………………………………… .2

*Branch v. Tunnell*

    14 F.3d 449 (9th Cir. 1994)…………………………………………...3

*Brantley v. NBC Universal, Inc.*

    675 F.3d 1192 (9th Cir. 2012) ………………………………………….4

*Brownmark Films, LLC v. Comedy Partners*

    682 F.3d 687 (7th Cir. 2012)…………………………………………….3

*Papasan v. Allain*

    478 U.S. 265 (1986)…………………………………………………….2

*Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*

    998 F.2d 1192 (3rd Cir. 1993)………………………………………….3

*Starr v. Baca*

    652 F.3d 1202 (9th Cir. 2011)…………………………………………...3

*Vess v. Ciba-Geigy Corp. USA*

    317 F.3d 1097 (9th Cir. 2003)…………………………………………...6


**STATUTES**

15 U.S.C. § 1…………………………………………………………………….3

15 U.S.C. § 3…………………………………………………………………….3

Federal Rules of Civil Procedure Rule 9(b)…………………………………...6

Federal Rules of Civil Procedure Rule 12(b)(6)……………………………….2

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff The Plaza Company ("Plaza") has sued Moving Defendant Sam Yang (USA), Inc. ("Sam Yang USA") alleging that Sam Yang USA engaged in a conspiracy with co-defendants to fix prices of Korean Noodles sold in the United States.  Plaza makes these allegations by relying on a Korean Fair Trade Commission ("KFTC") report ("KFTC Order") in its First Amended Complaint ("FAC"), which Plaza failed to attach to its FAC.  However, the KFTC Order, which is attached hereto as Exhibit A as it is central Plaza's claim, only names four Korea-based companies in its finding, and does not name or implicate any US-based company, including Sam Yang USA (the page with the names of the Indictees has been translated and attached hereto as Exhibit B).  Plaza's FAC fails to state sufficient factual allegations against Sam Yang USA to constitute any valid causes of action upon which relief can be granted.  Accordingly, Sam Yang USA respectfully requests this Court grant Sam Yang USA's Motion to Dismiss.

## BACKGROUND

This action was filed by Plaza alleging that four Korean companies and four US companies engaged in a conspiracy to fix, raise, maintain and/or stabilize the prices at which Korean Noodles were sold in the United States.  Plaza relies on a KFTC Order that only names the four Korean companies in its findings but doesn't name or implicate any US company, and specifically does not name Sam Yang USA as a party subject to the findings of the KFTC Order.

Plaza additionally relies on an unreliable third party website not owned, controlled, managed, affiliated with, or provided with information and authority to make a factual claim about Sam Yang USA in order to make an improper legal conclusion that Sam Yang USA is under the direction and control of Samyang Korea.  Using and relying on an unofficial website that has incorrect information posted about Sam Yang USA is analogous to relying on a stranger posting false

information about a company on its Twitter feed – such unreliable and unauthorized information cannot be viewed as meeting the minimum threshold of believability to withstand a motion to dismiss.

Plaza also makes a far-fetched legal conclusion that a distributorship and trademark agreement is akin to the licensing company falling under the direction and control of the company owning the license.  This Court should not accept such improper legal conclusions as a basis for pleading unsupported causes of action against Sam Yang USA.

Sam Yang USA is a privately owned and controlled California corporation with no affiliation to Samyang Korea.  As shown in the concurrently filed Request for Judicial Notice, Sam Yang USA is in fact owned by one (1) shareholder, an individual unaffiliated with or controlled by Samyang Korea, and neither Sam Yang USA nor the individual shareholder are directly implicated in any of the actions alleged to have been committed by the four Korean co-defendants.  Absent any well-pled facts against Sam Yang USA sufficient to support a cause of action, Sam Yang USA's Motion to Dismiss should be granted.

## ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  A complaint cannot rely on mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Instead, the elements of each claim must be alleged in more than vague and conclusory terms:  a complaint must contain enough factual "heft" to "show[] that the pleader is entitled to relief." *Id.*

The Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

1   conclusions, are not entitled to the assumption of truth.  While legal conclusions

2   can provide the framework of a complaint, they must be supported by factual

3   allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 665 (2009).  A court need not accept

4   as true legal conclusions or unwarranted factual inferences, even if "couched as a

5   factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  The Ninth Court

6   has stated that a complaint must "contain sufficient allegations of underlying facts

7   to give fair notice and enable the opposing party to defend itself effectively," and

8   that "factual allegations taken as true must plausibly suggest an entitlement to

9   relief, such that it is not unfair to require the opposing party to be subjected to the

10  expense of discovery and continued litigation."  *Starr v. Baca,* 652 F.3d 1202, 1216

11  (9th Cir. 2011).

12          The defendant may attach to a Rule 12(b)(6) motion the documents referred

13  to in the complaint to show that they do not support plaintiff's claim.  See *Branch v.*

14  *Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in *Galbraith*

15  *v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002); *Bryant v. Avado*

16  *Brands, Inc.*, 187 F.3d 1271, 1281 (11th Cir. 1999).  This prevents "a plaintiff with a

17  legally deficient claim (from surviving) a motion to dismiss simply by failing to

18  attach a dispositive document on which it relied."  *Pension Benefit Guar. Corp. v.*

19  *White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993);

20  *Brownmark Films, LLC v. Comedy Partners,* 682, F.3d 687, 690 (7th Cir. 2012).

21  **I.      Plaza Has Not Alleged Facts Plausibly Suggesting Sam Yang USA**

22  **         Violated Section 1 And 3 Of The Sherman Act**

23          In its claim for relief, Plaza alleges that Sam Yang USA engaged in a

24  conspiracy with other co-defendants to manipulate the prices of Korean Noodles

25  sold in the United States.  Plaza's FAC, however, is completely devoid of any facts

26  that could plausibly suggest that Sam Yang USA, as a separate entity neither owned

27  nor controlled by Samyang Korea, engaged in such a conspiracy.

28          Section 1 of the Sherman Act forbids any contract, combination, or

conspiracy that restrains trade or commerce, and Section 3 extends this law to include the restraint of trade or commerce in any territory of the United States or the District of Columbia. 15 U.S.C. §§1, 3. Plaintiffs must plead sufficient "facts which, if true, will prove '(1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade or commerce…; (3) which actually injures competition'" *Brantley v. NBC Universal, Inc.*, 675 F.3d 1192, 1197 (9th Cir. 2012) (citing *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1046 (9th Cir. 2008).

Plaza fails to plead any facts that show a contract, combination, or conspiracy involving Sam Yang USA that could plausibly suggest that Sam Yang USA violated any section of the Sherman Act. Indeed, the allegations that Plaza rely on are borne from the KFTC Order (attached hereto as Exhibit A with a translated copy of the relevant page indicating the Indictees attached hereto as Exhibit B), which only purport to allege actions committed by the four Korean corporations and officers or employees of those Korean corporations. Plaza fails to plead even a single fact alleging that Sam Yang USA attended any meeting or entered into any contract, combination, or conspiracy with the four Korean corporations that are listed as co-defendants and for which facts are pleaded asserting a conspiracy.

Plaza's FAC in particular lacks the factual allegations necessary to state a claim for relief under Sections 1 and 3 of the Sherman Act. Specifically,

- Plaza fails to identify Sam Yang USA as an entity having entered into the alleged conspiracy;
- Plaza fails to identify any Sam Yang USA board members, officers, or employees who may have entered into the alleged conspiracy; and
- Plaza fails to offer any facts relating to the manner in which Sam Yang USA engaged in the alleged conspiracy.

Plaza instead attempts to rely on a misplaced and improper legal conclusion that Sam Yang USA was controlled and directed by Samyang Korea based solely

on their allegation that Sam Yang USA has a distributorship agreement with Samyang Korea. Even if this Court were to accept this allegation as true, it cannot accept the legal conclusion that a distribution agreement means that there is control of an entirely separate corporate entity in Sam Yang USA by Samyang Korea. Control can be shown by ownership of one company by another, or if the two companies have the same officers or directors. Neither situation is alleged by Plaza in its FAC. Additionally, Plaza will be unable to make those allegations as Sam Yang USA's concurrently filed Request for Judicial Notice shows that Sam Yang USA is owned and operated by individuals unaffiliated with Samyang Korea who have not been named in the KFTC Order.

Plaza's FAC alleges that several officers and employees of Samyang Korea made statements to the KFTC regarding the alleged conspiracy to fix prices, but does not allege that any of these officers and employees have any relationship to Sam Yang USA. Indeed, none of the officers and employees named are employed by or have any affiliation to Sam Yang USA. Statements made by individuals employed by a separate company cannot and should not be attributed Sam Yang USA.

Plaza's FAC further alleges meetings between the four Korean co-defendants but does not plead that employees or representatives from any of the US defendants were present during these meetings. Sam Yang USA was not present at any of the meetings alleged to have taken place and was not involved either directly or indirectly in any of the discussions or decisions made by the Korean corporations, nor can Plaza plead any facts to show otherwise.

Plaza further attempts to rely on false information posted on a website, yellowpages.com, that indicates that Sam Yang USA is affiliated with Samyang Korea. If this information were posted on an official Sam Yang USA website, Plaza's reliance would be understandable. However, an uncommissioned, unauthorized posting about Sam Yang USA cannot justifiably be relied upon in

making allegations against it.  Allowing such reliance would open the door to frivolous lawsuits from plaintiffs relying on any unscrupulous blog postings or unsubstantiated twitter feeds to flood the judicial system.  Sam Yang USA should not be forced to defend itself in a lawsuit based on such frivolous reliance of false information.

Per the above, Sam Yang USA respectfully requests the Court grant this Motion to Dismiss as to Sam Yang USA.

**II.    Plaza Has Not Alleged Facts Plausibly Suggesting Sam Yang USA Committed Fraud**

Federal Rule of Civil Procedure 9(b) requires a plaintiff to state with particularity the circumstances constituting fraud committed by the defendant.  Fed. R. Civ. P. 9(b).  "Thus, if particular averments of fraud are insufficiently pled under Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).  "[T]he 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"  *Id.* (citing *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996)).

Plaza's FAC fails to state with particularity the circumstances constituting fraud committed by Sam Yang USA.  As discussed above, Plaza fails to make any allegations specifically against Sam Yang USA.  The circumstances on which Plaza relies on to name Sam Yang USA as a defendant in this lawsuit are baseless and unjustified.  This Court cannot reasonably accept the falsity on which Plaza bases its reason for lumping Sam Yang USA with Samyang Korea.  Plaza must allege specific facts against Sam Yang USA as it is a completely separate company owned by an individual unaffiliated with Samyang Korea.  Plaza fails to do so, and instead attempts to pull the wool over the Court's eyes by lumping two separate companies together.

Any fraudulent allegations made in Plaza's FAC are based on Samyang

MOTION TO DISMISS –
CASE NO. CV13-05274

Korea's actions, but it is unfair to allocate those actions to Sam Yang USA.  Plaza fails to show with particularity what fraud, if any, was committed by Sam Yang USA, which is an entity separately owned and not affiliated with Samyang Korea. Plaza's FAC fails to specify what false representation, if any, was knowingly made by Sam Yang USA with the intent to defraud Plaza.  Plaza is unable to state any facts alleging that Sam Yang USA knowingly made any false representations because such representations were never made by Sam Yang USA.  Plaza instead makes a feeble attempt to blame Sam Yang USA for statements made by an unrelated third party, Samyang Korea, which should not be accepted by this Court.

Absent any well-pled facts showing that Sam Yang USA knowingly made false representations to Plaza with the intent to defraud and upon which representations Plaza justifiably relied upon to its detriment, Sam Yang USA cannot be found liable for fraud.  Therefore, Sam Yang USA respectfully requests this Court grant this Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendant Sam Yang (U.S.A.), Inc. respectfully requests that Plaintiff The Plaza Company's entire FAC be dismissed as to Sam Yang (U.S.A.), Inc. pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

//

//

//

MOTION TO DISMISS –
CASE NO. CV13-05274

1

2                              Respectfully Submitted,

3

4

5
   Dated: November 4, 2013          By: /s/  Edward W. Suh
6
                                    Edward W. Suh
7                                   **LAW OFFICES OF MICHAEL K. SUH &**
                                    **ASSOCIATES**
8                                   3810 Wilshire Blvd., Suite 1212
9                                   Los Angeles, CA  90010
                                    Telephone: (213) 385-7347
10                                  Facsimile:  (213) 383-3323
                                    edward@suhnassoclaw.com
11
                                    Attorneys for Defendant
12                                  SAM YANG (U.S.A.), INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS –
                                                                 CASE NO. CV13-05274

## <u>DECLARATION OF EDWARD W. SUH</u>

I, EDWARD W. SUH, declare:

1.      I am an attorney licensed to practice law in the state of California and am employed at Law Offices of Michael K. Suh & Associates, attorneys for Sam Yang USA.  I have personal knowledge of the following facts and if called upon to testify, would and could do so competently as follows.  However, because this declaration is for a limited purpose, it does not include all facts I know about the matter.

2.      Attached as Exhibit A hereto is a true and correct copy of the Korean Fair Trade Commission Report ("KFTC Order") which is relied upon in Plaintiff The Plaza Company's FAC in making allegations against the named defendants.

3.      Attached as Exhibit B hereto is a true and correct copy of the translation of page 1 of the KFTC Order showing the names of the Indictees, which only name the four Korean companies and does not name any of the US defendants, and in particular, does not name Sam Yang USA.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 4, 2013 in Los Angeles, California.


                                        /s/  Edward W. Suh          .

                                        Edward W. Suh

MOTION TO DISMISS –
CASE NO. CV13-05274

## **PROOF OF SERVICE**

(Pursuant to Federal Law)

The undersigned certifies and declares as follows:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 3810 Wilshire Blvd., Suite 1212, Los Angeles, California  90010.  On November 4, 2013, I electronically filed the foregoing document with the Clerk of the court using the CM/ECF system which will then serve copies on all interested parties registered for electronic filing.

I declare under the penalty of perjury that the foregoing is true and correct.


Dated: November 4, 2013          By: /s/  Edward W. Suh

                                              Edward W. Suh

MOTION TO DISMISS –
CASE NO. CV13-05274