1  LAW OFFICES OF MICHAEL K. SUH &
2  ASSOCIATES
   MICHAEL K. SUH (CA Bar No. 213855)
3  EDWARD W. SUH (CA Bar No. 265356)
4  3810 WILSHIRE BLVD., SUITE 1212
   LOS ANGELES, CA 90010
5  Telephone:  (213)385-7347
6  Facsimile:  (213)383-3323
   Edward@suhnassoclaw.com
7
8  Attorneys for Defendant,
   SAM YANG (U.S.A.), INC.
9
10
11              **UNITED STATES DISTRICT COURT**
12
13        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
14
                     **WESTERN DIVISION**

| | |
|---|---|
| 15  THE PLAZA COMPANY, on Behalf<br>16  of Itself and a Class of All Others<br>    Similarly Situated, | Case No. CV13-05274-PA-(RZx) |
| 17 | **CLASS ACTION** |
|     Plaintiff, | **DEFENDANT SAM YANG** |
| 18 | **(U.S.A.), INC.'S REQUEST FOR** |
| 19  v. | **JUDICIAL NOTICE IN SUPPORT**<br>**OF PENDING MOTIONS AND**<br>**DECLARATION OF EDWARD W.** |
| 20  NONGSHIM COMPANY, LTD.;<br>    NONGSHIM AMERICA, INC.; | **SUH;** |
| 21  OTTOGI COMPANY, LTD.;<br>    OTTOGI AMERICA, INC.; | **[Filed concurrently with Motion to**<br>**Dismiss]** |
| 22  SAMYANG FOODS COMPANY,<br>    LTD.; SAMYANG USA; PALDO | Judge:   Hon. Percy Anderson |
| 23  AMERICA; AND KOREA YAKULT, | Place:   Courtroom 15 |
| 24      Defendants. |           312 N. Spring Street.<br>           Los Angeles, CA 90012 |
| 25 | Date:    December 9, 2013; 1:30pm |

26
27
28

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Federal Rules of Evidence, Rule 201, Defendant Sam Yang (U.S.A.), Inc. ("Sam Yang USA") respectfully requests that the Court take judicial notice of the following documents and the following fact in connection with its concurrently filed Motion to Dismiss:

1. Excerpt schedules from Sam Yang USA's 2012 tax return that have been redacted to exclude sensitive information showing the ownership structure of Sam Yang USA, attached hereto as Exhibit A;

2. Excerpt schedules from Sam Yang USA's 1999 tax return that have been redacted to exclude sensitive information showing the ownership structure of Sam Yang USA, attached hereto as Exhibit B;

3. A Stock Sale and Purchase Agreement between Samyang Foods Co., LTD., a Korean corporation ("Samyang Korea"), and Calypco, Inc., a California corporation ("Calypco"), entered into on January 25, 1998, whereby Samyang Korea sells all interest in and divests itself entirely of Sam Yang USA, attached hereto as Exhibit C;

4. A Buy-Sell Agreement between Calypco and Mun Kyung Chun ("Chun"), an individual, entered into on December 16, 1998, whereby Calypco sells all of its outstanding shares to Chun, attached hereto as Exhibit D;

5. A Certificate of Dissolution of Calypco, Inc. executed on December 16, 1998, whereby Calypco dissolves and Chun receives all of Calypco's assets including the ownership interest in Sam Yang USA, attached hereto as Exhibit E.

## BASIS FOR REQUESTING JUDICIAL NOTICE

On a motion to dismiss, a court may take judicial notice of matters in accordance with Federal Rules of Evidence 201 without converting the motion to dismiss to a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d

668, 688-689 (9th Cir. 2001) (citing *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Courts may take judicial notice of documents outside of the complaint that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(d); *Wietschner v. Monterey Pasta Co.,* 294 F.Supp.2d 1102, 1109 (N.D. Cal. 2003).

These items are a proper subject for judicial notice because under Federal Rule of Evidence 201(b)(1) and (2), they are "generally known within the trial court's jurisdiction" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The documents filed with the Internal Revenue Service are documents that are filed under penalty of perjury. The corporate documents are those created under the corporate laws of the state governing the business entity of those concerned.

This Request for Judicial Notice is made in further support of Sam Yang USA's pending Motion to Dismiss, and is based upon the declaration of Edward W. Suh and the attached exhibits.

Dated: November 4, 2013          By:   /s/ Edward W. Suh

                                 Edward W. Suh
                                 **LAW OFFICES OF MICHAEL K. SUH &**
                                 **ASSOCIATES**
                                 3810 Wilshire Blvd., Suite 1212
                                 Los Angeles, CA  90010
                                 Telephone: (213) 385-7347
                                 Facsimile:  (213) 383-3323
                                 edward@suhnassoclaw.com
                                 Attorneys for Defendant
                                 SAM YANG (U.S.A.), INC.

REQUEST FOR JUDICIAL NOTICE
CASE NO. CV13-05274

## DECLARATION OF EDWARD W. SUH

I, EDWARD W. SUH, declare:

1.     I am an attorney licensed to practice law in the state of California and am employed at Law Offices of Michael K. Suh & Associates, attorneys for Sam Yang USA.  I have personal knowledge of the following facts and if called upon to testify, would and could do so competently as follows.  However, because this declaration is for a limited purpose, it does not include all facts I know about the matter.

2.     Attached as Exhibit A hereto is a true and correct copy of Schedule K, Schedule G, and Form 1125-E of Sam Yang USA's 2012 Federal tax return, showing the ownership structure of Sam Yang USA in year 2012.  The ownership structure of Sam Yang USA has not changed since 1999, with Chun owning 100% of the outstanding stock of Sam Yang USA.

3.     Attached as Exhibit B hereto is a true and correct copy of Schedule E and Statement 4 of Schedule K of Sam Yang USA's 1999 Federal tax return, showing the ownership structure of Sam Yang USA in year 1999.  Chun has owned 100% of the outstanding stock of Sam Yang USA from 1999 to the present.

4.     Attached as Exhibit C hereto is a true and correct copy of the executed Stock Sale and Purchase Agreement entered into between Samyang Korea and Calypco on January 25, 1998, showing that Samyang Korea sold and divested itself of its ownership interest in Sam Yang USA to a third party.

5.     Attached as Exhibit D hereto is a true and correct copy of the executed Buy-Sell Agreement entered into between Calypco and Chun showing that Calypco sold its entire ownership to Chun on December 16, 1998.

6.     Attached as Exhibit E hereto is a true and correct copy of the executed Certificate of Dissolution of Calypco, Inc. showing that Calypco was dissolved on December 16, 1998, on which date Chun, by virtue of receiving Calypco's assets upon dissolution, became the 100% sole shareholder of Sam Yang USA.

1

2          I declare under penalty of perjury under the laws of the State of California

3    that the foregoing is true and correct.  Executed on November 4, 2013 in Los

4    Angeles, California.

5

6                                    /s/  Edward W. Suh            .

7                                    Edward W. Suh

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE
CASE NO. CV13-05274

1    **<u>PROOF OF SERVICE</u>**

2    (Pursuant to Federal Law)

3        The undersigned certifies and declares as follows:

4        I am a citizen of the United States and employed in Los Angeles County,

5    California.  I am over the age of eighteen years and not a party to the within-entitled

6    action.  My business address is 3810 Wilshire Blvd., Suite 1212, Los Angeles,

7    California  90010.  On November 4, 2013, I electronically filed the foregoing

8    document with the Clerk of the court using the CM/ECF system which will then

9    serve copies on all interested parties registered for electronic filing.

10       I declare under the penalty of perjury that the foregoing is true and correct.

11

12   Dated: November 4, 2013        By: /s/  Edward W. Suh

13                                     Edward W. Suh

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE
CASE NO. CV13-05274

- 6 -

EXHIBIT A

Form 1120 (2012)   SAM YANG (USA) INC                                                                              95-3508410        Page **4**

| **Schedule K** | **Other Information** continued (see instructions) | | | |

| | | | | **Yes** | **No** |
|---|---|---|---|---|---|
| **5** | At the end of the tax year, did the corporation: | | | | |
| **a** | Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation not included on **Form 851**, Affiliations Schedule? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (iv) below. | | | | X |

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| | | | | **Yes** | **No** |
|---|---|---|---|---|---|
| **b** | Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions . . If "Yes," complete (i) through (iv) below. | | | | X |

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Country of Organization | (iv) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| | | Yes | No |
|---|---|---|---|
| **6** | During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? (See sections 301 and 316.) . . . . . . . . . . . . . . | | X |
| | If "Yes," file **Form 5452**, Corporate Report of Nondividend Distributions. | | |
| | If this is a consolidated return, answer here for the parent corporation and on Form 851 for each subsidiary. | | |
| **7** | At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of **(a)** the total voting power of all classes of the corporation's stock entitled to vote or **(b)** the total value of all classes of the corporation's stock? . . . . . . . . . . . . . | | X |
| | For rules of attribution, see section 318. If "Yes," enter: | | |
| | **(i)** Percentage owned ▶ .................... and **(ii)** Owner's country ▶ ................................. | | |
| | **(c)** The corporation may have to file **Form 5472**, Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business. Enter the number of Forms 5472 attached ▶ .................... | | |
| **8** | Check this box if the corporation issued publicly offered debt instruments with original issue discount . . . . . . . . . . . . . ▶ ☐ | | |
| | If checked, the corporation may have to file **Form 8281**, Information Return for Publicly Offered Original Issue Discount Instruments. | | |
| **9** | Enter the amount of tax-exempt interest received or accrued during the tax year ▶ $ .................... | | |
| **10** | Enter the number of shareholders at the end of the tax year (if 100 or fewer) ▶ ...........................................1 | | |
| **11** | If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here . . . . . . . . . . . . ▶ ☒ | | |
| | If the corporation is filing a consolidated return, the statement required by Regulations section 1.1502-21(b)(3) must be attached or the election will not be valid. | | |
| **12** | Enter the available NOL carryover from prior tax years (do not reduce it by any deduction on line 29a.) ▶ $ .................... | | |
| **13** | Are the corporation's total receipts (line 1c plus lines 4 through 10 on page 1) for the tax year and its total assets at the end of the tax year less than $250,000? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| | If "Yes," the corporation is not required to complete Schedules L, M-1, and M-2 on page 5. Instead, enter the total amount of cash distributions and the book value of property distributions (other than cash) made during the tax year. ▶ $ .................... | | |
| **14** | Is the corporation required to file Schedule UTP (Form 1120), Uncertain Tax Position Statement (see instructions)? . . . . . . . . . | | X |
| | If "Yes," complete and attach Schedule UTP. | | |
| **15a** | Did the corporation make any payments in 2012 that would require it to file Form(s) 1099? . . . . . . . . . . . . . . . . . | | X |
| **b** | If "Yes," did or will the corporation file required Forms 1099? . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| **16** | During this tax year, did the corporation have an 80% or more change in ownership, including a change due to redemption of its own stock? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **17** | During or subsequent to this tax year, but before the filing of this return, did the corporation dispose of more than 65% (by value) of its assets in a taxable, non-taxable, or tax deferred transaction? . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **18** | Did the corporation receive assets in a section 351 transfer in which any of the transferred assets had a fair market basis or fair market value of more than $1 million? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |

Form **1120** (2012)

- 1 -

| SCHEDULE G (Form 1120) (Rev. December 2011) Department of the Treasury Internal Revenue Service | Information on Certain Persons Owning the Corporation's Voting Stock ► Attach to Form 1120. ► See instructions on page 2. | OMB No. 1545-0123 |
|---|---|---|

| Name | Employer identification number (EIN) |
|---|---|
| SAM YANG (USA) INC | 95-3508410 |

**Part I**    **Certain Entities Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4a). Complete columns (i) through (v) below for any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Percentage Owned in Voting Stock |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Part II**    **Certain Individuals and Estates Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4b). Complete columns (i) through (iv) below for any individual or estate that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Individual or Estate | (ii) Identifying Number (if any) | (iii) Country of Citizenship (see instructions) | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| MUN K. CHUN | | United States | 100.000% |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

For Paperwork Reduction Act Notice, see the Instructions for Form 1120.
1833

Schedule G (Form 1120) (Rev. 12-2011)

Form **1125-E**
(Rev. December 2012)
Department of the Treasury
Internal Revenue Service

## Compensation of Officers

▶ Attach to Form 1120, 1120-C, 1120-F, 1120-RIC, or 1120-REIT.
▶ Information about Form 1125-E and its separate instructions is at *www.irs.gov/form1125e.*

OMB No. 1545-2225

| Name | Employer identification number |
|---|---|
| SAM YANG (USA) INC | 95-3508410 |

**Note.** Complete Form 1125-E only if total receipts are $500,000 or more. See instructions for definition of total receipts.

| (a) Name of officer | (b) Social security number | (c) Percent of time devoted to business | Percent of stock owned | | (f) Amount of compensation |
|---|---|---|---|---|---|
| | | | (d) Common | (e) Preferred | |
| 1   Mun K. Chun | | 100.00% | 100.00% | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |

| | | |
|---|---|---|
| **2** | Total compensation of officers . . . . . . . . . . . . . . . . . . . . . . . . . | **2** |
| **3** | Compensation of officers claimed on Form 1125-A or elsewhere on return . . . . . . . . . . | **3** |
| **4** | Subtract line 3 from line 2. Enter the result here and on Form 1120, page 1, line 12 or the appropriate line of your tax return . . . . . . . . . . . . . . . . . . . . . . . . . | **4** |

**For Paperwork Reduction Act Notice, see separate instructions.**
HTA

Form **1125-E** (Rev. 12-2012)

EXHIBIT B

Form 1120 (1999)   SAMYANG U.S.A. INC.   95-3508410   *1999*   Page 2

## Schedule A    Cost of Goods Sold   (See page 12 of Instructions.)

| | | | |
|---|---|---|---|
| 1 | Inventory at beginning of year | 1 | |
| 2 | Purchases | 2 | |
| 3 | Cost of labor | 3 | |
| 4 | Additional section 263A costs (attach schedule) | 4 | |
| 5 | Other costs (attach schedule) . . . . . . . . . . . . . . . . . See Statement 3 | 5 | |
| 6 | Total. Add lines 1 through 5 | 6 | |
| 7 | Inventory at end of year | 7 | |
| 8 | Cost of goods sold. Subtract line 7 from line 6. Enter here and on line 2, page 1 | 8 | |

9a Check all methods used for valuing closing inventory:

    (i) ☒ Cost as described in Regulations section 1.471-3

    (ii) ☐ Lower of cost or market as described in Regulations section 1.471-4

    (iii) ☐ Other (Specify method used and attach explanation.) ▶

  b Check if there was a writedown of subnormal goods as described in Regulations section 1.471-2(c) . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

  c Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) . . . . . . . . . . . . . . . . . . . . ▶ ☐

  d If the LIFO inventory method was used for this tax year, enter percentage (or amounts) of closing inventory computed under LIFO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 9d |

  e If property is produced or acquired for resale, do the rules of section 263A apply to the corporation? . . . . . . . . . . . . . . . . . . ☒ Yes  ☐ No

  f Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If "Yes," attach explanation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☒ Yes  ☐ No

## Schedule C    Dividends and Special Deductions   (See page 13 of instructions.)

| | | (a) Dividends received | (b) % | (c) Special deductions (a) x (b) |
|---|---|---|---|---|
| 1 | Dividends from less-than-20%-owned domestic corporations that are subject to the 70% deduction (other than debt-financed stock) | | 70 | |
| 2 | Dividends from 20%-or-more-owned domestic corporations that are subject to the 80% deduction (other than debt-financed stock) | | 80 | |
| 3 | Dividends on debt-financed stock of domestic and foreign corporations (section 246A) | | see instr. | |
| 4 | Dividends on certain preferred stock of less-than-20%-owned public utilities | | 42 | |
| 5 | Dividends on certain preferred stock of 20%-or-more-owned public utilities | | 48 | |
| 6 | Dividends from less-than-20%-owned foreign corporations and certain FSCs that are subject to the 70% deduction | | 70 | |
| 7 | Dividends from 20%-or-more-owned foreign corporations and certain FSCs that are subject to the 80% deduction | | 80 | |
| 8 | Dividends from wholly owned foreign subsidiaries subject to the 100% deduction (section 245(b)) | | 100 | |
| 9 | Total. Add lines 1 through 8. See page 14 of instructions for limitation | | | |
| 10 | Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 | | 100 | |
| 11 | Dividends from certain FSCs that are subject to the 100% deduction (section 245(c)(1)) | | 100 | |
| 12 | Dividends from affiliated group members subject to the 100% deduction (section 243(a)(3)) | | 100 | |
| 13 | Other dividends from foreign corporations not included on lines 3, 6, 7, 8, or 11 | | | |
| 14 | Income from controlled foreign corporations under subpart F (attach Form(s) 5471) | | | |
| 15 | Foreign dividend gross-up (section 78) | | | |
| 16 | IC-DISC and former DISC dividends not included on lines 1, 2, or 3 (section 246(d)) | | | |
| 17 | Other dividends | | | |
| 18 | Deduction for dividends paid on certain preferred stock of public utilities | | | |
| 19 | Total dividends. Add lines 1 through 17. Enter here and on line 4, page 1 . . . . . . . . . . . ▶ | | | |
| 20 | Total special deductions. Add lines 9, 10, 11, 12, and 18. Enter here and on line 29b, page 1 . . . . . . . . . . . . . . . . . . . . ▶ | | | |

## Schedule E    Compensation of Officers   (See instructions for line 12, page 1.)

Note: Complete Schedule E only if total receipts (line 1a plus lines 4 through 10 on page 1, Form 1120) are $500,000 or more.

| (a) Name of officer | (b) Social security number | (c) Percent of time devoted to business | Percent of corporation stock owned (d) Common | (e) Preferred | (f) Amount of compensation |
|---|---|---|---|---|---|
| Mun K. Chun | ▓▓▓▓▓▓▓ | 100 % | 100% | 0.00% | ▓▓▓▓▓ |
| Jae K. Ha | ▓▓▓▓▓▓▓ | 100 % | 0.00% | 0.00% | ▓▓▓▓▓ |
| Byung T. Kim | ▓▓▓▓▓▓▓ | 100 % | 0.00% | 0.00% | ▓▓▓▓▓ |
| Jong M. Lee | ▓▓▓▓▓▓▓ | 100 % | 0.00% | 0.00% | ▓▓▓▓▓ |
| | | % | % | % | |
| 2 | Total compensation of officers | | | | ▓▓▓▓▓ |
| 3 | Compensation of officers claimed on Schedule A and elsewhere on return | | | | |
| 4 | Subtract line 3 from line 2. Enter the result here and on line 12, page 1 | | | | ▓▓▓▓▓ |

Form **1120** (1999)

| 1999 | Federal Statements *1999* | Page 2 |
|---|---|---|

| Client 95350841 | SAMYANG U.S.A., INC. | 95-3508410 |
|---|---|---|

08/09/88                                                                     07:12 pm

**Statement 4**
**Form 1120, Schedule K, Line 5**
**50% or More Owners**

```
Name              :  Mun K. Chun
ID Number         :  ██████████
Percentage Owned  :    100%
```

---

**Statement 5**
**Form 1120, Schedule L, Line 6**
**Other Current Assets**

|  | Beginning | Ending |
|---|---|---|
| Other receivable ............................... | $ | $ |
| Prepaid expenses ............................... | | |
| Prepaid income taxes ........................... | | |
| Prepaid property tax ........................... | | |
| Total | $ | $ |

---

**Statement 6**
**Form 1120, Schedule L, Line 14**
**Other Assets**

|  | Beginning | Ending |
|---|---|---|
| Investment ..................................... | $ | $ |
| Note receivable ................................ | | |
| Security deposit ............................... | | |
| Total | $ | $ |

---

**Statement 7**
**Form 1120, Schedule L, Line 18**
**Other Current Liabilities**

|  | Beginning | Ending |
|---|---|---|
| Accrued expenses ............................... | $ | $ |
| Customer deposit ............................... | | |
| Payroll tax payable ............................ | | |
| Total | $ | $ |

---

**Statement 8**
**Form 1120, Schedule L, Line 21**
**Other Liabilities**

|  | Beginning | Ending |
|---|---|---|
| Rounding ....................................... | $ 0 | $ 2 |
| Total | $ 0 | $ 2 |

EXHIBIT C

## STOCK SALE AND PURCHASE AGREEMENT

THIS AGREEMENT is made and entered into as of January 25, 1998, by and between SAMYANG FOODS CO., LTD., a Korean corporation which has its principal place of business at 82-9 Hawolgok 1-dong, Sungbuk-ku, Seoul, Korea ("Seller") and CALYPCO, INC., a California corporation having its principal place of business at  1017 Stratford Avenue, South Pasadena, CA 91030 ("Buyer").

### RECITALS

A. Seller owns 550 shares of SAMYANG U.S.A., INC., a California corporation, which has its principal place of business at 1935 Via Arado, Rancho Dominguez, CA 90220 (the "Company"). The total issued and outstanding shares of the Company is 550 as of the date hereof.

B. Seller desires to divest itself from the Company in line with the overall business reorganization in Korea.

C. Buyer desires to purchase the entire issued and outstanding shares of the Company.

### AGREEMENTS

NOW, THEREFORE, in consideration of the agreements, provisions, promises and covenants herein set forth, Seller and Buyer agree as follow:

1.  Sale and Purchase; Seller's Representations and Warranties.

    Seller hereby sells to Buyer, and Buyer hereby purchases from Seller, 550 common shares of the Company upon the following conditions and terms. Further,  Seller (1) shall enter into a long-term exclusive distributorship contract with the Company to ensure the supply of Seller's products  to the Company and  (2) shall  assign  the trademarks, service marks or any other intellectual property rights to the name "Samyang" in the United States. Seller represents and warrants that (a) the Company has issued 550 shares (the "Shares") and no more  are outstanding; all of the Shares have been legally and validly issued and are fully paid and nonassessable; and (b) the Company has no outstanding obligations, understandings, or commitments regarding the issuance of any additional shares, or any options,  rights, or warrants concerning the issuance of any additional shares or securities convertible

1

into shares. Seller further represents and warrants that Seller has good, marketable and indefeasible title to and full power of disposition over and has full right to sell and transfer to Buyer all the Shares to be sold by that Seller; and those Shares are free of all liens, claims, debts, or other encumbrances, and shall be free of all liens, claims, debts, or other encumbrances upon their transfer to Buyer under this agreement.

2.  Purchase Price.

The total purchase price of the Shares is 3,000,000,000 won, which shall be paid as follows:

Wire transfer to an account designated by Seller within two business day from the date on which all the conditions precedent set forth in Section 3 below are satisfied or waived.

3. Conditions Precedent to Buyer's Obligations

(1)  Seller shall have delivered the certificates representing the Shares to Buyer or its representative;
(2)  Seller shall have executed and delivered the long-term exclusive distributorship agreement between Seller and the Company to Buyer or its representative;
(3)  Seller shall have executed and delivered necessary assignment documents for the trademark, service mark and intellectual property right to the name "Samyang" in the United States to Buyer or its representative;
(4)  The representations and warranties of Seller stated in paragraph 1 shall be true as of the Closing Date (as defined in Section 4 below).

4. Closing.

The sale and purchase of the Shares shall be consummated by Seller's delivery to Buyer of certificates for the Shares duly endorsed for assignment and transfer, or accompanied by other documents as set forth in Section 3 above and Buyer's transfer of funds to the account designated by Seller. The time of delivery and payment is the ``Closing Date."

5. Filings and Approvals.

Each party will cooperate with the other in the preparation and filing, as soon as practicable, of (i) all necessary applications for regulatory approval of the purchase and sale of the Shares and related transactions, and (ii) all other documents necessary to obtain all other required approval and consents.

2

6. <u>Miscellaneous Provisions</u>.

(a) <u>Notices</u>.

No notice, document or communication to be given hereunder to any party shall be effective for any purpose unless personally delivered to the person at the appropriate address set forth below (in which event such notice shall be deemed effective only upon such delivery) or when delivered by mail, sent by registered or certified mail, postage prepaid, addressed to the recipient's address set forth above.

(b) <u>Entire Agreement, Modifications</u>.

This Agreement contains the entire agreement among the parties hereto and supersedes any and all prior agreements, arrangements or understandings between the parties relating to the subject matter hereof except as set forth in the Shareholder Agreement. No oral understandings, statements, promises or inducements contrary to the terms of this Agreement exist.   No variation or modification of this Agreement and no waiver of any of the provisions and conditions hereof, or granting of any consent contemplated hereby, shall be valid unless in writing and signed by the party against whom enforcement of any such variation, modification, waiver or consent is sought.

(c) <u>Construction</u>.

This Agreement shall be construed as a whole in accordance  with its fair meaning, the captions being for the convenience of the parties only and not intended to describe or define the provisions in the portions of the Agreement to which they pertain.

(d) <u>Attorneys' Fees</u>.

In the event of any controversy, claim or dispute between the parties arising out of or relating to this Agreement, or the enforcement of the provisions hereof, the prevailing party shall be entitled to recover its costs and expenses, including, but not limited to, reasonable attorneys' fees incurred in connection therewith.

(e) <u>Severability</u>.

If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

(f) Governing Law.

This Agreement is to be governed by, interpreted under, and construed in accordance with the laws of the State of California

(g) Counterparts.

This Agreement may be executed in counterparts.

IN WITNESS WHEREOF, the parties have executed this Agreement by and through their respective representative duly authorized and approved as of the day and year first above set forth, at Seoul, Korea by Seller and at Los Angeles, California, by Buyer.

Seller :

SAMYANG FOODS CO., LTD.
A Korean corporation

By
Name :
Title :

Buyer :

CALYPCO, INC.
A California corporation

By
Name : Choon Taik Lim
Title : President

4

EXHIBIT D

### BUY-SELL AGREEMENT

THIS AGREEMENT is entered into this December 16, 1998, by and among Calypco Corporation, a California corporation, with its principal executive office at 3700 Wilshire Blvd., #750, Los Angeles, CA 90010 ("Corporation"); and Mun Kyung Chun , an individual, whose address is Rancho Dominguez, CA 90220 ("Chun").

ARTICLE 1. PARTIES AND PURPOSES

Identity of Parties
Section 1.01. The Corporation owns all the outstanding shares, of the Corporation. Chun loaned $1,875,000,000 to the Corporation under a Promissory Note dated December 31, 1997.

ARTICLE 3. SALE OF SHARES TO CHUN

Sale to Chun
Section 3.01. The Corporation shall sell to Chun, and Chun shall purchase from the Corporation, the shares at the total purchase price of $1,875,000,000.

Payment
Section 3.02 Chun shall pay to the Corporation the total purchase price by canceling and delivery the canceled Promissory Note to the Corporation.

Governing Law
Section 4.07. This Agreement shall be construed and governed by the laws of the State of California.

Sole and Only Agreement
Section 4.08. This instrument constitutes the sole and only Agreement of the parties hereto respecting the sale and purchase of their shares in the Corporation and correctly sets forth the rights, duties, and obligations of each to the other in  relation thereto as of its date. Any prior agreements, promises, negotiations, or representations concerning its subject matter not expressly set forth in this Agreement are of no force or effect.

Executed on December 16, 1998 at Los Angeles, California County, California.

The Corporation:                              Calypco Corporation

                                             By _____
                                                John Ha
                                                President

                                             _____
                                             Chong Min Lee
                                             Secretary

Chun:                                        _____
                                             Mun Kyung Chun

Buy-sell Agreement
Page 1                                       - 1 -

EXHIBIT E

SEP-26-2013 17:36 652774

## CERTIFICATE OF DISSOLUTION OF CALYPCO, INC.

John Ha and Chong Min Lee certify that:

1. They are all the directors now in office of CALYPCO, INC., a California corporation.

2. The corporation has been completely wound up.

3. The corporation's known debts and liabilities have been actually paid.

4. The corporation's known assets have been distributed to the persons entitled thereto.

5. A person or corporation assumes the tax liability of the corporation, if any, as security for the issuance of a tax clearance certificate from the Franchise Tax Board and is responsible for additional corporate taxes, if any, that are assessed and become due after the date of said assumption.

6. The election to dissolve was made by the vote of all the outstanding shares.

7. The corporation is dissolved.

We further declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of our own knowledge.

Dated: DECEMBER 16, 1998

_____
John Ha, Director

_____
Chong Min Lee,  Director